UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| DESIGN BASICS, LLC, | : | CASE NO. 16-CV-669 |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 20] |
| A.J. BOKAR BUILDING COMPANY, | : |  |
| INC. D/B/A WILLOW WOOD HOMES, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Design Basics, LLC brings copyright claims against Defendant A.J. Bokar Building Company, Inc. ("A.J. Bokar Building").[1] Pursuant to Federal Rule of Civil Procedure 24, Westfield Insurance Company ("Westfield") moves to intervene to assert a claim for declaratory judgment on issues related to insurance coverage.[2] Plaintiff and Defendant oppose the motion.[3] For the following reasons, this Court **DENIES** Westfield's motion to intervene.

**I. Background**

On March 18, 2016, Plaintiff Design Basics filed a complaint against Defendant A.J. Bokar Building alleging copyright infringement.[4]

Westfield says that it issued the Defendant commercial liability insurance policies during times relevant to the underlying action. Accordingly, Westfield states that it has "an interest relating to the subject of the action" since it may have a "duty to provide coverage or to defend or indemnify A.J. Bokar with regard to the claims asserted by Plaintiff."[5] Westfield therefore

---

[1] Doc. 1.
[2] Doc. 20.
[3] Docs. 26 & 28. Westfield replies. Doc. 33.
[4] Doc. 1 at 5-6.
[5] Doc. 20 at 2-3.

Case No. 16-cv-669
Gwin, J.

asks the Court to allow it to intervene and seek a declaratory judgment as to its rights and obligations under insurance contracts with Defendant A.J. Bokar Building.

## II. Legal Standard

Westfield has argued both that it must be allowed to intervene as of right, and alternatively that the Court should exercise its discretion to allow Westfield to permissively intervene.

Under Rule 24(a)(2), a third party may, "on timely motion," intervene in an action as "of right" when the would-be intervenor "claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest."[6] In the Sixth Circuit, before being entitled to intervene, a party seeking to intervene as of right must establish four factors:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.[7]

"'The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied.'"[8]

Under Rule 24(b)(1)(B), a court has discretion to allow intervention upon a timely motion when the would-be intervenor "has a claim or defense that shares with the main action a common question of law or fact."[9] In the exercise of this discretion, a court

---

[6] Fed. R. Civ. P. 24(a)(2).
[7] *Coal. To Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007).
[8] *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).
[9] Fed. R. Civ. P. 24(b)(1)(B).

Case No. 16-cv-669
Gwin, J.

considers whether the intervention will "unduly delay or prejudice the adjudication of the original parties' rights."[10]

### III. Discussion

The Court will address in turn whether Westfield may intervene as of right or permissively. Because it lacks a substantial interest in this case, Westfield is not entitled to intervene as of right. The Court will also not allow permissive intervention since the insurance action would not share questions of law or fact with the underlying copyright litigation.

*A. Intervention of Right*

Westfield cannot establish a substantial interest in the case. A movant's interest "'must be direct, not contingent.'"[11] When an insurer "'offers to defend the insured but reserves the right to deny coverage, . . . the insurer's interest in the liability phase of the proceeding is contingent on the resolution of the coverage issue.'"[12] If insurers could intervene to protect these contingent interests, they would "'interfere with and in effect control the defense.'"[13]

The subject matter of the underlying action—copyright infringement—has nothing to do with Westfield's interest. Westfield seeks declaratory judgment over whether Defendant A.J. Bokar Building is entitled to a defense, indemnification, and/or reimbursement of attorney's fees for representation prior to the litigation's filing.[14] In short, Westfield's interest "is simply 'the amount it will have to pay'" if the Plaintiff wins.[15] Westfield cannot "shoehorn its potential

---

[10] Fed. R. Civ. P. 24(b)(3).
[11] *ProBuilt Homes, Inc. v. Jelenic*, No. 1:13-CV-1685, 2014 WL 810833, at *2 (N.D. Ohio Feb. 28, 2014) (quoting *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989)).
[12] *Id.* (quoting *Travelers Indem.*, 884 F.2d at 638).
[13] *Id.* (quoting *Travelers Indem.*, 884 F.2d at 639).
[14] Doc. 20 at 3.
[15] *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-CV-01074, 2012 WL 645996, at *2 (N.D. Ohio Feb. 28, 2012) (quoting *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products*, 725 F.2d 871, 875 (2d Cir. 1984)).

Case No. 16-cv-669
Gwin, J.

declaratory judgment contract claim" into this copyright action.[16] Because Westfield only seeks to resolve insurance policy coverage issues, its motion to intervene does not satisfy Rule 24(a)'s requirements.

*B. Permissive Intervention*

The Court also considers Westfield's alternative argument that the Court should allow permissive intervention under Rule 24(b)(1)(B). Westfield asserts, without support, that the questions of fact presented by its declaratory judgment are "in common with the questions of fact" presented by the copyright claim.[17]

For the same reasons that Westfield lacks a substantial legal interest in the outcome of the underlying litigation, it cannot establish that its insurance action shares questions of law and facts with the underlying copyright action. Accordingly, the Court finds that permitting intervention would unduly delay this action and prejudice the rights of the original parties. Westfield is not entitled to intervene under Rule 24(b).

### IV. Conclusion

For the reasons above, this Court **DENIES** Westfield's motion to intervene.

IT IS SO ORDERED.

Dated: October 17, 2016                         *s/          James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[16] *Id.*
[17] Doc. 20 at 6.